Brent Caslin (Cal. Bar No. 198682)
bcaslin@jenner.com
L. David Russell (Cal. Bar No. 260043)
drussell@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Attorneys for Defendant
Honeywell International, Inc.

Dean Francis Pace (SBN 031809)
Allan J. Graf (SBN 057148)
CARLSMITH BALL LLP
Suite 2900
515 South Flower Street
Los Angeles, CA 90071-2225
Telephone: (213) 955-1200
Facsimile: (213) 623-0032
Email: falseclaimsact@carlsmith.com

Attorneys for Coplaintiff Relator

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. DANIEL THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>Defendant. | Case No. CV 12-2214-JAK (JCG)<br><br>The Honorable John A. Kronstadt<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1   Because discovery and other proceedings in this case will require the review of

2   numerous documents and other information, and to protect material entitled to be kept

3   confidential under Fed. R. Civ. P. 26(c) and facilitate the prompt resolution of disputes

4   over confidentiality in an expeditious and efficient manner in this case, the Court finding

5   good cause to support the entry of a protective order in this matter, it is

6

7   HEREBY ORDERED BY THE COURT:

8   This Protective Order shall govern the use and dissemination of all information,

9   documents or materials that are designated as confidential and that are produced within

10   this action.  This order binds the parties and their respective agents, successors, personal

11   representatives, and assignees.  However, this Protective Order is not intended to govern

12   the use of confidential information at any trial of this Action.

13   **GENERAL PROVISIONS**

14   1. The term "document" or "documents," as used herein, includes all writings,

15   graphics or other communications in all media, including but not limited to paper and

16   electronic.

17   2. "CONFIDENTIAL" information shall mean and refer to any information that is

18   not generally known and that the producing party would normally not reveal to third

19   parties, or if disclosed, would require such third parties to maintain in confidence.  The

20   designation made by a party or non-party shall be a certification to the Court and to the

21   other parties that such information is believed in good faith to be confidential within the

22   meaning of this Protective Order.

23   3. "FOR ATTORNEYS' EYES ONLY" information shall mean and refer to any

24   CONFIDENTIAL information that is considered in good faith by the designating party to

25   be so highly sensitive that disclosure to persons other than limited and specified

26   individuals could cause undue risk of substantial and immediate injury to the business of

27   the producing party.  The designation made by a disclosing party or non-party shall be a

28

certification to the Court and the other parties that such information is believed to be highly sensitive CONFIDENTIAL information and subject to this more restrictive classification within the meaning of this Protective Order.  Given the restrictions on the ability to disclose "FOR ATTORNEYS' EYES ONLY" information to certain party officers and employees, the parties understand and expect that use of this designation will be made judiciously and sparingly.

## PROTECTIVE ORDER

NOW, THEREFORE, this Protective Order applies to discovery, pre-trial and (to the extent approved by the Court) trial and post-trial proceedings in this Action, whether the information or documents are from parties or non-parties, and shall be governed by the following terms:

1. Subject to the foregoing definitions, any of the parties may, in good faith, designate discovery materials the designating party produces or provides in discovery ("Designating Party"), such as documents (including email and electronic data), expert reports, deposition transcripts or tapes, and deposition exhibits in this Action as "CONFIDENTIAL."   Documents designated CONFIDENTIAL as subject to the Protective Order shall be used only for the purpose of this Action.  Such information shall not be disclosed in any way to any person, attorney, government agency, or expert for use in any other litigation or contemplated litigation, or for any other purpose extraneous to this litigation.

2. Subject to the foregoing definitions, any of the parties may, in good faith, designate discovery materials the designating party produces or provides in discovery, such as documents (including email and electronic data), expert reports, deposition transcripts or tapes, and deposition exhibits in this Action as "FOR ATTORNEYS' EYES ONLY."  Documents designated as "FOR ATTORNEYS' EYES ONLY" subject to the Protective Order shall be used only for the purpose of this Action.  Such information shall not be disclosed in any way to any person, attorney, government agency, or expert for use

in any other litigation or contemplated litigation, or for any other purpose extraneous to this litigation.

3. Documents may be designated as CONFIDENTIAL or "FOR ATTORNEYS' EYES ONLY" under Paragraphs 1 or 2 of this order either by a legend if it is produced in hard copy or as a TIFF image or by including the required designation in the title of the document if the data is produced as an electronic native file, or by counsel's statement on the record if the information is elicited in oral form.  If the information is deposition testimony, the designating party may also designate specific pages and lines as CONFIDENTIAL or "FOR ATTORNEYS' EYES ONLY" as provided for in Paragraph 6.

4. Material designated as "CONFIDENTIAL" pursuant to this Protective Order shall be maintained in confidence by the receiving party and shall not be given, shown, made available, or communicated in any way to anyone other than the following persons: (a) counsel of record and in-house counsel who are engaged in the preparation of this Action for trial and paraprofessionals, stenographic or clerical employees assisting counsel of record and/or in-house counsel in the preparation of this Action for trial; (b) experts or consultants retained in good faith for the purposes of this Action, including both consulting and testifying experts, who have first signed the "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A and who have been disclosed to the producing party in conformance with the requirements of the Federal Rules of Civil Procedure; (c) the Court and court personnel, in the manner described in Paragraph 7 of this Order; (d) court reporters and deposition services contractors who record testimony taken in the course of this Action; (e) the parties and their officers or employees whose assistance is reasonably necessary to assist counsel in this Action; (f) the Attorney General of the United States and the Department of Justice; and (g) deposition or trial witnesses (including use in connection with the preparation of said witnesses), in the manner described in Paragraph 7 of this Order.  If a party wishes to disclose

[PROPOSED] STIPULATED PROTECTIVE ORDER

CONFIDENTIAL information to any person not described in this paragraph, permission to so disclose must be requested from the Designating Party in writing.  If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless upon motion by the party requesting such permission, this Court orders otherwise.

5. Material designated as "FOR ATTORNEYS' EYES ONLY" shall be maintained in confidence by counsel for the receiving party and may only be shown, made available, or communicated to (a) counsel of record and in-house counsel who are engaged in the preparation of this Action for trial and paraprofessionals, stenographic or clerical employees assisting counsel of record and/or in-house counsel in the preparation of this Action for trial; (b) experts or consultants retained in good faith for the purposes of this Action, including both consulting and testifying experts, who have first signed the "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A and who have been disclosed to the producing party in conformance with the requirements of the Federal Rules of Civil Procedure; (c) the Court and court personnel, in the manner described in Paragraph 7 of this Order; (d) court reporters and deposition services contractors who record testimony taken in the course of this Action; (e) the Attorney General of the United States and the Department of Justice; and  (f) deposition or trial witnesses (including use in connection with the preparation of said witnesses), in the manner described in Paragraph 7 of this Order. If a party wishes to disclose "FOR ATTORNEYS' EYES ONLY" information to any person not described in this paragraph, permission to so disclose must be requested from the Designating Party in writing.  If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless upon motion by the party requesting such permission, this Court orders otherwise.

6. Counsel for all parties shall have immediate access to deposition transcripts. However, testimony given during depositions shall be treated as CONFIDENTIAL for thirty (30) days following the receipt of the final deposition transcript from the Court Reporter.  Within thirty (30) days of the receipt of the final deposition transcript from the

[PROPOSED] STIPULATED PROTECTIVE ORDER

Court Reporter, either party may designate specific lines of deposition transcript as CONFIDENTIAL or "FOR ATTORNEYS' EYES ONLY" by serving counsel for each party and the Court reporter with such designations.  Material not so designated will thereafter be treated as neither CONFIDENTIAL nor "FOR ATTORNEYS' EYES ONLY" under this Protective Order.  If a Designating Party has advised the court reporter that CONFIDENTIAL or "FOR ATTORNEYS' EYES ONLY" information has been disclosed during a deposition, the Court Reporter shall include on the cover page the following indication: "DEPOSITION CONTAINS CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."   Following the receipt of any designations pursuant to this paragraph, the court reporter shall supplement the transcript to mark the specific pages and lines designated as CONFIDENTIAL or "FOR ATTORNEYS' EYES ONLY" and amend the cover page to reflect that these specific designations have been made.

7. Subject to the provisions of this Protective Order, the parties may use material covered by the Protective Order as an exhibit or attachment to any motion, as a deposition exhibit, or as a trial exhibit and may show such material to a witness in this Action for these purposes.  Any document to be filed with the Court that contains material designated CONFIDENTIAL or "FOR ATTORNEYS' EYES ONLY" shall be filed under seal in accordance with the Court's Order re Pilot Program for Under Seal Documents dated July 29, 2013.

8. Counsel for the parties shall serve a true and complete copy of this Protective Order on any non-party on whom a discovery or trial subpoena is served, whose deposition has been set or who has been identified as a witness who may testify at any hearing in this Action whose anticipated testimony will concern material designated as subject to this Protective Order or who has otherwise been shown or given access to material designated as subject to the Protective Order.  All such persons shall be advised of the obligation to honor the confidentiality designation and that he or she is prohibited

[PROPOSED] STIPULATED PROTECTIVE ORDER

from disclosing any such material to any other person except as provided herein.

9. A producing person or entity who is not a party to this Action shall be entitled to the protections afforded herein by signing a copy of the "Use and Disclosure Agreement" in the form annexed hereto as Exhibit A, and serving it on all counsel of record. Thereafter, a producing person or entity may designate as subject to this Protective Order testimony, information, documents, or things that such producing person or entity has produced or provided in this Action in the same manner as provided herein.  Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude a non-party to this Action from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material.

10. Any party may object to a designation of material as subject to this Protective Order at any time by giving written notice (including via email) to counsel for the designating party.  Such written notice shall identify the material to which the objection is directed and contain a short statement of the reasons for the objection.  The parties shall promptly make a reasonable, good faith attempt to meet and confer.  If the objecting party and designating party are unable to resolve their differences after making a reasonable, good faith attempt to meet and confer, the objecting party may file an appropriate application with the Court requesting that the designated material not be treated as subject to the Protective Order.  During the pendency of any motion to reclassify materials that have been designated as subject to this Protective Order, the parties shall adhere to the previously designated classification.

11. In the event a receiving party is served with legal process seeking production of CONFIDENTIAL or "FOR ATTORNEYS' EYES ONLY" material obtained through discovery and protected hereunder, the receiving party shall promptly notify the producing party, or non-party whose material is sought, of the service of legal process and afford the producing party or non-party the opportunity to object thereto.

12. The inadvertent production of material subject to the Protective Order which

[PROPOSED] STIPULATED PROTECTIVE ORDER

has not been marked shall not be a waiver of confidentiality, provided that the producing party notifies (including via email) the receiving party within fourteen (14) business days after discovery of the inadvertent production and designates the material as CONFIDENTIAL or "FOR ATTORNEYS' EYES ONLY" and provides a copy so designated.  Upon request of the producing party and receipt of a replacement copy, the receiving party shall return or destroy all copies of inadvertently produced material that was previously produced, except that no party shall be required to take any action with respect to data that is stored on any backup media that is used for disaster recovery purposes, provided that the receiving party agrees that it will not access any such protected documents on such media.  However, the receiving party shall be entitled to rely on the lack of designation of the material as subject to this Protective Order until otherwise notified under this paragraph.

13. Upon final termination of this Action, including all appeals, the parties shall, if requested to do so by the other party, assemble and return all material designated CONFIDENTIAL or "FOR ATTORNEYS' EYES ONLY" to the producing party within ninety (90) days of termination of this Action, or, if directed to do so by the producing party, shall destroy that material.  Notwithstanding the foregoing, each party's outside counsel may maintain one copy of any court filing that contains CONFIDENTIAL or "FOR ATTORNEYS' EYES ONLY" information for the sole purpose of maintaining complete and accurate files of this action.

14. Counsel for the parties will make all reasonable efforts to safeguard all material designated CONFIDENTIAL or "FOR ATTORNEYS' EYES ONLY" and shall promptly notify the designating party of any unauthorized disclosure of or access to such material.

15. For good cause shown, any party may seek to modify, supplement, or terminate the terms of this Protective Order by first attempting to obtain the consent of the other party.  The parties shall attempt to resolve the issue of any such modification, supplementation, or termination amongst themselves through good faith efforts before

7

[PROPOSED] STIPULATED PROTECTIVE ORDER

seeking judicial intervention.  If the parties are not able to reach agreement on any proposed modification, supplementation, or termination of the terms of this Protective Order, the party seeking the modification, supplementation, or termination may file an appropriate motion with the Court upon notice to the other party.

16. Nothing in the foregoing provisions of the Protective Order shall be deemed to preclude the parties from refusing to produce CONFIDENTIAL or "FOR ATTORNEYS' EYES ONLY" documents on valid grounds other than the confidentiality of the information contained therein.

17. The Protective Order is not meant to cover adjudication of claims regarding attorney-client privileges or work product documents or other materials or documents not subject to disclosure.

18. Nothing in this Protective Order shall be deemed to restrict in any manner the use or disclosure by any Designating Party of any information in its own documents or materials.

19. Nothing in this Order shall be deemed to restrict in any manner the use or disclosure by any party, including co-plaintiff Relator, of information of which the party has or acquires knowledge or possession independently of its production in this litigation.

20. This Protective Order shall remain in full force and effect during and after the termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals therefrom, until modified by an Order of the Court.

IT IS SO ORDERED THIS 4th DAY OF September 2013.


_____
The Honorable Jay C. Gandhi
United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    IT IS SO STIPULATED.

2                                              Respectfully submitted,

3

4    Dated: August 28, 2013                   JENNER & BLOCK LLP

5

6                                             By: /s/ Brent Caslin
                                                   Brent Caslin
7

8                                             Attorneys for Defendant
                                              Honeywell International, Inc.
9

10   Dated: August 28, 2013                   CARLSMITH BALL LLP

11

12                                            By: /s/ Dean Francis Pace
                                                   Dean Francis Pace
13

14                                            Attorneys for Coplaintiff Relator

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. DANIEL THOMPSON,<br><br>                   Plaintiff,<br><br>    v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>                  Defendant. | Case No. CV 12-2214-JAK (JCG)<br><br>The Honorable John A. Kronstadt |

### USE AND DISCLOSURE AGREEMENT

The undersigned, having read and understood the Protective Order entered in this Action governing and restricting the use of material subject to the Protective Order, as defined therein, hereby agrees to be bound by the terms thereof. I agree not to disclose to anyone any such documents, materials or information, or the contents thereof except as provided in the Protective Order. I further agree that any documents, materials or information furnished to me will be used by me only for the purposes permitted by the Protective Order, and for no other purpose, and will be either destroyed or returned by me to the person who furnished such documents, materials, or information to me upon the conclusion of the case. I consent to the jurisdiction of the U.S. District Court for the Central District of California for the limited purpose of any proceedings to enforce the terms of the Order and for no other purpose.

Signature:_____ Address:_____

Name (print):_____ Business:_____

Date: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER